**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN HERNANDEZ, on behalf of himself and all other persons similarly situated, known and unknown, )<br>)<br>)<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>OMNITRACS, LLC )<br>)<br>*Defendant.* ) | Case No.: 22-CV-00109<br><br>Hon. Judge Edmond E. Chang |

**DEFENDANT'S MOTION TO STAY THE PROCEEDINGS**

Defendant OMNITRACS, LLC ("Defendant"), by and through its counsel, O'HAGAN MEYER LLC, hereby submits its Motion to Stay the Proceedings. Defendant submits that a stay is warranted and appropriate to avoid unnecessary cost and undue prejudice, given a pending appeal in *Tims v. Black Horse Carriers, Inc.* that was allowed by the Illinois Supreme Court in January 2022, as well as the pending Seventh Circuit interlocutory appeal in *Cothron v. White Castle Sys., Inc*. The Illinois Supreme Court and Seventh Circuit's upcoming decisions in these matters will inform the Court's analysis of several of the issues raised in the Motion to Dismiss that Defendant is filing contemporaneously with the filing of this Motion. In support of its motion, Defendant states as follows:

1. As the Court may be aware, on January 26, 2022, the Illinois Supreme Court allowed the appellant/petitioner's Petition for Leave to Appeal in *Tims v. Black Horse Carriers, Inc.* Briefing in the appeal is ongoing. The appellant's brief was filed on March 2, 2022. In *Tims,* the Illinois Supreme Court will determine whether the one-year statute of limitations for privacy actions is applicable to suits brought under the BIPA (a statute that is silent as to the applicable

statute of limitations).

2. Given the pending appeal with the Illinois Supreme Court in the *Tims v. Black Horse Carriers, Inc.* matter, which will decide the legal issue of the relevant statute of limitations that is highly pertinent to the Court's consideration of Defendant's pending motion to dismiss, Defendant respectfully requests that the Court stay this matter and enter and continue Defendant's contemporaneously filed Motion to Dismiss, pending the Illinois Supreme Court's final resolution of the applicable statute of limitations under the BIPA.

3. In addition, at the request of the U.S. Court of Appeals for the Seventh Circuit, the Illinois Supreme Court is also currently considering the legal issue of whether a putative BIPA violation occurs only when a defendant is alleged to have first collected biometrics, or whether a violation occurs each time biometrics are collected. *Cothron v. White Castle System*, Illinois Supreme Court No. 128004 (accepting certified question of law from the Seventh Circuit during the Seventh Circuit's consideration of the interlocutory appeal in *Cothron v. White Castle System*, Inc., Seventh Circuit No. 20-3202). The Illinois Supreme Court accepted the certified question of law in *Cothron* on December 23, 2021 and is currently considering the matter, with party and *amici* briefs bring filed. The Seventh Circuit determined that a stay of the underlying district court case was "warranted" while the interlocutory appeal, and now the Illinois Supreme Court's consideration of the certified question of law, is pending. Defendant respectfully submits that the pending appeal in *Cothron*, which is also relevant to the arguments in Defendant's pending Motion to Dismiss regarding the statute of limitations, additionally and independently warrants a stay of proceedings. Consistent with this approach, other BIPA cases in this Court have been stayed on the basis of *Cothron.* (*Donets v. Vivid Seats LLC,* Case No. 20-cv-3551, December 15, 2020

Order).

4. A stay of this case is appropriate to avoid undue burden and expense. Should this case proceed, the parties will incur significant attorneys' fees and costs that may be rendered unnecessary by rulings in the pending appeals.

5. A district court has inherent power to stay proceedings which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." See *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Staying proceedings may be appropriate where a litigant in another case may settle the rule of law that applies in the stayed lawsuit, id., which is the exact situation presented here. See, e.g., *Morrison v. YTB Int'l, Inc.*, No. CIV 08-579-GPM, 2010 WL 1931127, at *1 (S.D. Ill. May 13, 2010) (internal citations omitted).

6. This Court has the inherent power and discretion to stay this case to avoid undue burden and unnecessary expense. Defendant respectfully submits that it would be unduly prejudiced absent a stay, as it would be forced to continue to defend claims and engage in discovery on claims that may be completely time-barred, preempted, or significantly reduced in scope and value. In contrast, Plaintiff Hernandez will suffer no prejudice given that the case is still in the initial pleading stage.

WHEREFORE, in the interest of the orderly administration of justice and judicial economy, Defendant Omnitracs, LLC requests that this Court stay all proceedings in this case, and that the Court enter and continue Defendant's contemporaneously filed Motion to Dismiss, under the Court's inherent case management authority until the issuance of the appellate rulings in *Tims*

and *Cothron*. Defendant further requests that the Court grant such other and further relief as it deems just and proper.

Dated: May 5, 2022                        Respectfully Submitted,

                                          O'HAGAN MEYER, LLC

                              By:     */s/ Matthew E. Szwajkowski*
                                                  Counsel for Defendant
                                                  OMNITRACS, LLC

Jamie L. Filipovic
Matthew E. Szwajkowski
O'Hagan Meyer, LLC
One East Wacker, Suite 3400
Chicago, IL 60601
(312) 422-6100
(312) 422-6110
jfilipovic@ohaganmeyer.com
mszwajkowski@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 5th day of May, 2022, the foregoing **DEFENDANT'S MOTION TO STAY** was filed electronically with the Clerk of Court using the Court's CM/ECF system, which delivered electronic notification of such filing to the following counsel of record:

David Fish
Mara Baltabols
Fish Potter Bolanos, P.C.
200 East 5th Avenue
Suite 123
Naperville, IL 60563

Douglas Werman
Bernard Scott
Werman Salas P.C.
77 W. Washington St.
Suite 1402
Chicago, IL 60602
*Attorneys for Plaintiff*

                                                                         s/ *Matthew E. Szwajkowski*
                                                                           Matthew E. Szwajkowski