IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HERNANDEZ, on behalf of himself and all other persons similarly situated, known and unknown,  )<br>)<br>)<br>)<br>       *Plaintiff*,                                        )<br>)<br>       v.                                                        )<br>)<br>OMNITRACS, LLC                                  )<br>)<br>       *Defendant.*                                   ) | Case No.: 22-CV-00109<br><br>Hon. Judge Edmond E. Chang |

**DEFENDANT OMNITRACS, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO RULES 12(b)(2) AND 12(b)(6)**

Defendant Omnitracs, LLC ("Omnitracs"), through its attorneys, Jamie Filipovic and Matthew Szwajkowski of O'Hagan Meyer LLC, hereby submits its Reply in Support of its Renewed Motion to Dismiss Plaintiff's Class Action Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). In support thereof, Omnitracs states as follows:

**ARGUMENT ON REPLY**

**I.    Plaintiff Has Failed To Demonstrate The Existence Of Specific Personal Jurisdiction Over Defendant Omnitracs.**

In his misguided attempt to demonstrate the propriety of this Court's personal jurisdiction over Defendant, Plaintiff's Opposition to Defendant's Motion to Dismiss misstates and exaggerates the record of Defendant's contacts with the State of Illinois. Plaintiff argues that Defendant "has an Illinois office" and "two service centers in Illinois" (Opposition at 1), but the jurisdictional discovery confirms that is simply not the case. Plaintiff represents that Defendant's representative testified that Defendant "targets" Illinois (Opposition at 3), but this representation is also not supported by the record. To the contrary, Defendant's corporate representative testified that "we

1

[Omnitracs] don't have a targeted approach to Illinois." (ECF No. 71 (Opp.), Ex. A at 13:6-8). Further, while Omnitracs has a small handful of employees in Illinois, each of Omnitracs' sales representatives are responsible for approximately five different states (ECF No. 71, Ex. A at 11:8-10).

As Plaintiff admits in his opposition (at 4), Omnitracs has had only seven (7) end users/customers in the State of Illinois for the CEV product (ECF No. 68 (Renewed Mot.), Ex. A at 4), and Omnitracs has only received $2,078.10 in total revenue from the CEV systems that it has provided to customers that are located in Illinois from January 12, 2017 to the present. (ECF No. 68, Ex. C at 9). Omnitracs has not directed any Google, Facebook or other online ad set to Illinois. (ECF No. 68, Ex. C at 4). The additional unrefuted jurisdictional facts are as follows: Omnitracs does not provide any hardware, setup-related services, or technical support at customer sites in Illinois. (ECF No. 68, Ex. A at 5). No data relating to Omnitracs's technology is stored on servers in Illinois – instead, the servers for the CEV system are located in Nevada. (ECF No. 68, Ex. A at 1-2). Omnitracs does not own or lease any real property in Illinois, it has no bank accounts in Illinois, and (again) only a tiny fraction of Omnitracs' over 765 employees reside in Illinois – none of whom have individually played a meaningful role in the development or operation of the CEV technology. (ECF No. 20 at Ex. A).

As discussed in Defendant's Renewed Motion, in light of Omnitracs' demonstrated minimal contacts with Illinois discussed above, Plaintiff's BIPA claims should be dismissed for lack of personal jurisdiction. This result is consistent with those courts that have dismissed BIPA claims against out-of-state third-party vendors with whom plaintiffs have no direct contact, and whose contacts with Illinois are (as here) extremely minimal and attenuated. *See, e.g.*, *Stein v. Clarifai, Inc.*, 526 F. Supp. 3d 339, 345 (N.D. Ill. 2021) (in light of a "miniscule number of [sales] transactions at issue [in Illinois]," which were made to only a few Illinois customers and garnered

very limited revenue, an out-of state BIPA defendant was not subject to personal jurisdiction in Illinois).

Plaintiff's cited cases are not to the contrary, and do not assist Plaintiff's position. In *King v. PeopleNet Corp.*, No. 21-cv-2774, 2021 WL 506692 (N.D. Ill. Oct. 28, 2021), the court's decision that PeopleNet was subject to personal jurisdiction in Illinois was based on "the length of PeopleNet's relationship with Paramount [Plaintiff's employer]" for "at least fifteen years," as well as the purported "'thousands' of Illinois residents whose information PeopleNet processed." *King*, 2021 WL 506692 at *6. Here, again, Plaintiff's employer is not even identified in the Complaint, and the jurisdictional discovery confirms that Omnitracs' contacts with Illinois were far more limited and attenuated than those of PeopleNet. *Fisher v. HP Property Management, LLC*, 2021 IL App (1st) 201372 is also inapposite to this case. Critical to the Illinois Appellate Court's decision in *Fisher* was that "KeyPer [the out-of-state vendor] entered a business relationship with [defendant] HP [plaintiff's employer], a company operating exclusively in Illinois." *Fisher* at ¶ 29. Once again, the nexus and linkage that was critical to the *Fisher* Court's determination – the fact that Fisher's employer was named in the case, and that it was a company "operating solely in Illinois with Illinois employees," is conspicuously absent in this case.

In *Norberg v. Shutterfly*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015), another of Plaintiff's cited cases, the Court noted that the defendants "offer their photo sharing and printing services to citizens of Illinois and ship their hard copy photographs and other products directly to their customers [in Illinois]." *Norberg*, 152 F. Supp. 3d at 1104. The *Shutterfly* case, in which the defendant had direct commercial contact with thousands of Illinois consumers, is not factually comparable to this case, in which the jurisdictional discovery confirms that there were only a "miniscule number of [sales] transactions at issue [in Illinois]," which were made to only a few Illinois customers and which garnered very limited revenue. *Kashkeesh v. Microsoft Corp.*, 21 C 3229, 2022 WL 17687802 (N.D.

Ill. Dec. 13, 2022) is also factually inapposite. In *Kashkeesh*, Judge Feinerman relied on the fact that Defendant Microsoft had specifically modified its Face Application Programming Interface for use in the State of Illinois. *See Kashkeesh* ("*[b]y modifying its business practices specifically with respect to the use of its API in Illinois*, Microsoft purposely directed its business activities to Illinois, availed itself of the forum, and thereby subjected itself to specific jurisdiction for purposes of this suit") (emphasis added). Such facts are not alleged here, nor were any such facts adduced during the parties' jurisdictional discovery.

Finally, in *Crumpton v. Haemonetics Corp.*, 595 F. Supp. 3d 687 (N.D. Ill. 2022), unlike here, the pleadings identified the Illinois entity that allegedly collected Plaintiff's biometrics – specifically, Octapharma Plasma, Inc., which had an "exclusive arrangement" under which defendant Haemonetics provided Octapharma's Illinois facilities with software, including the donor management software at issue. *Crumpton,* 595 F. Supp. 3d at 689. Critical to the court's determination in *Crumpton* was that Octapharma "operated five plasma donation centers in Illinois, and, under Haemonetics' purposeful business arrangements, those Illinois-based centers exclusively used Haemonetics' donor management system to collect and store Illinois residents' data." *Id.* at 699. Once again, none of these facts are present here, as Plaintiff has not bothered to plead the identity of his employer, which is the entity that actually (according to the allegations of the Complaint) utilized Omnitracs' CEV system.

Accordingly, as Plaintiff has failed to demonstrate that the Court's exercise of specific personal jurisdiction over Omnitracs is proper, dismissal under Rule 12(b)(2) is warranted.

## II. Plaintiff's BIPA Claims Also Fail Because They Violate Illinois's Extraterritoriality Doctrine.

Also as discussed in Defendant's Renewed Motion to Dismiss, the Complaint should be dismissed under Illinois's extraterritoriality doctrine. Omnitracs can be subject to the BIPA only if "the majority of circumstances relating to the alleged violation of the [statute]" occurred in Illinois.

4

*Landau v. CNA Fin. Corp.*, 886 N.E.2d 405, 409 (Ill. App. 2008). In other words, for the BIPA to apply to Omnitracs, "the circumstances relating to the claim [must have] occur[ed] primarily and substantially" in Illinois. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853 (Ill. 2005). The extraterritoriality standard is more robust than the "minimum contacts" specific personal jurisdiction standard. *Inventus Power, Inc. v. Shenzhen Ace Battery Co.*, 2020 WL 3960451, at *8 (N.D. Ill. July 13, 2020) (likelihood of personal jurisdiction but failure to allege conduct occurred "primarily and substantially" in Illinois).

Plaintiff cites *Wilk v. Brainshark, Inc.*, No. 21 C 4794, 2022 WL 4482842 (N.D. Ill. Sept. 27, 2022) in his opposition to Defendant's motion to dismiss on extraterritoriality grounds. However, *Wilk* is distinguishable from the case at bar. Important to Judge Blakey's decision in *Wilk* was that the defendant in that case moved to dismiss only under Rule 12(b)(6)— extraterritorial grounds— and not also under Rule 12(b)(2). *Wilk*, 2022 WL 4482842, at *3 ("This case is not McGover[a]n. First, McGover[a]n dealt with personal jurisdiction under F.R.C.P 12(b)(2) not dismissal under 12(b)(6) pursuant to Illinois' extraterritorial doctrine."). Here, Omnitracs moved to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction and 12(b)(6) extraterritorial grounds. Also, unlike in this case, the defendant in *Wilk* took "specific actions toward the plaintiff directed at Illinois." *Wilk*, 2022 WL 4482842, at *3. In *Wilk,* Defendant Brainshark communicated directly with the plaintiff, an Illinois resident, and Brainshark <u>required</u> her to upload her videos for its use. See *Wilk*, 2022 WL 4482842, at *3. The plaintiff in *Wilk* specifically alleged that she: recorded videos of her sales presentations in Illinois; uploaded the videos to Brainshark; that Brainshark analyzed her facial geometry in the videos using its technology; and that Brainshark shared the analysis with her and her employer. *Wilk*, 2022 WL 4482842, at *1, 3.

Here, again, Plaintiff merely alleges that he "previously worked as a truck driver in Illinois." (Complaint at ¶ 12). This is the ***only*** Illinois-specific allegation in the entire Complaint. Plaintiff does

not even allege that he was, or is, an Illinois resident. Plaintiff does ***not*** allege: (i) that he was in Illinois while his "facial geometry" was purportedly collected and analyzed; (ii) that his employer was located in Illinois; or (iii) that Omnitracs analyzed his "facial geometry" *in Illinois*. Nor could Plaintiff allege that any "facial geometry" analysis occurred in Illinois, as no data relating to Omnitracs's technology is stored on servers in Illinois – instead, the servers for the CEV system are located in Nevada. (ECF No. 68, Ex. A at 1-2).

This falls well short of alleging that Omnitracs's relevant conduct occurred "primarily and substantially" in Illinois. *First*, even if Plaintiff were an Illinois resident (which is not alleged in the Complaint), Plaintiff's Illinois residence alone cannot satisfy Illinois's extraterritoriality doctrine. *See, e.g.*, *McGoveran v. Amazon Web Servs., Inc.*, 2021 WL 4502089, at *4 (D. Del. Sept. 30, 2021) (citing cases and holding "plaintiff's residency is not enough to establish an Illinois connection in order to survive a motion to dismiss based on extraterritoriality"). *Second*, any alleged knowledge by Omnitracs of any unnamed customer (Plaintiff's alleged former employer) utilizing Omnitracs technology in Illinois has no bearing on the conduct regulated by BIPA §§ 15(a)-(d)—*i.e.*, the collection of, retention of, disclosure of, and profiting from biometric data. *See id.* at *3 (dismissing BIPA complaint based on extraterritoriality where "[p]laintiffs identify nothing to suggest their 'voiceprints' were created, possessed, or stored . . . in Illinois"). Here, again, the jurisdictional discovery confirms the opposite – that if the data was created, it was possessed and stored in Nevada, and entirely outside of the state of Illinois. (ECF No. 68, Ex. A at 1-2). In short, Plaintiff does not allege Omnitracs's conduct occurred "primarily and substantially" in Illinois, as required to state a claim, nor does he have a good faith basis to do so. *Avery*, 835 N.E.2d at 853; *see also Neals v. PAR Tech. Corp.*, 419 F. Supp. 3d 1088, 1091-92 (N.D. Ill. 2019).

Finally, the Court should reject Plaintiff's argument that "extraterritoriality defenses should generally not be resolved at the pleadings stage." (Opp. at 10-11). To the contrary, it is well-

established that dismissal on the pleadings based on the extraterritoriality doctrine is appropriate when a plaintiff fails to sufficiently allege that a defendant's conduct occurred "primarily and substantially" in Illinois. *See, e.g., McGoveran*, 2021 WL 4502089, at *4 (citing cases dismissing claims under Rule 12(b)(6) based on extraterritoriality doctrine). More to the point, in this matter additional discovery *has* taken place beyond the pleadings, and Plaintiff still cannot point to any facts demonstrating that Defendant Omnitracs' conduct occurred "primarily and substantially" in Illinois. Accordingly, dismissal on extraterritoriality grounds is appropriate.

### III. Plaintiff Otherwise Fails To Allege Claims Under BIPA §§ 15(a)-(d).

#### A. Plaintiff Fails To Plausibly Allege A § 15(a) Claim.

Section 15(a) requires a private entity that is in "possession of biometric identifiers or biometric information" to have a "written policy made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied." 740 ILCS § 14/15(a). In addition to failing to allege any "possession of biometric identifiers or biometric information" by Omnitracs, the Complaint does not contain a single allegation that Omnitracs did not have the required written policy, that it was not made available to the public, or alleging any other violation of the requirements of § 15(a). Plaintiff thus lacks a viable § 15(a) claim, which claim should be dismissed.

#### B. Plaintiff Fails To Plausibly Allege A § 15(b) Claim.

As discussed in Omnitracs' Renewed Motion, unlike §§ 15(a) and 15(c)-(d), which apply to the "possession" of biometric data, only affirmative *actions* trigger § 15(b): the private entity must "collect, capture, purchase, receive through trade," or "obtain" biometric information. 740 ILCS 14/15. § 15(b) does not regulate entities that merely "possess[]" biometric data, only those that actively "collect" it. § 15(b) does not apply to Omnitracs's alleged conduct, as Plaintiff does not

7

allege that Omnitracs actively collected biometric identifiers directly from him. Plaintiff asserts that "Defendant's facial mapping technology collects scans of a driver's facial geometry to identify the driver's attentiveness." (Complaint at ¶ 7). Plaintiff thus characterizes Omnitracs as having only the passive role of providing "technology" used by a separate entity to conduct Plaintiff's interview—not as controlling or directing the use of the technology. *See id.* The claim that Plaintiff had his "facial geometry or his biometric data" collected (Complaint at ¶ 16) is a bare legal conclusion unsupported by factual allegations. The mere fact that Plaintiff's unnamed former employer allegedly collected Plaintiff's "facial geometry or his biometric data"—*without any active involvement from Omnitracs*—is insufficient to hold Omnitracs liable under § 15(b). *See Jacobs v. Hanwha Techwin Am., Inc.*, 2021 WL 3172967, at *2 (N.D. Ill. July 27, 2021) ("[F]or § 15(b)'s requirements to apply, an entity must, at a minimum, take an active step to collect, capture, purchase, or otherwise obtain biometric data.").[1]

Indeed, Plaintiff's Opposition does not even attempt to address or to distinguish *Jacobs* or *Heard*. Dismissal of Plaintiff's 15(b) allegations is appropriate.

### C. Plaintiff Fails To Plausibly Allege A § 15(c) Claim.

As discussed in Omnitracs' Renewed Motion, Plaintiff's § 15(c) claim should be dismissed for two reasons. First, the claim is time- barred, and dismissal under Rule 12(b)(6) is appropriate where, as here, the complaint does not establish that the limitations period has been satisfied. *See Vergara v. City of Chicago*, 939 F.3d 882, 886-87 (7th Cir. 2019). In his opposition, Plaintiff argues that "the statute of limitations is not appropriately decided prior to discovery where Plaintiff did not allege any relevant dates in the Complaint." (Opp. at 18). But this is not true. Plaintiff has a burden at the pleading stage to demonstrate this his claims are timely. *Id.; see also Chicago Bldg.*

---

[1] *See also Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 965–66 (N.D. Ill. 2020) ("[F]or § 15(b)'s requirements to apply, an entity must, at a minimum, **take an active step** to 'collect, capture, purchase, receive through trade, or otherwise obtain' biometric data") (citation omitted) (emphasis added).

*Design, P.C. v. Mongolian House, Inc.*m 770 F.3d 610, 613 (7th Cir. 2014).

Under *Tims v. Black Horse Carriers, Inc.*, 2021 IL App (1st) 200563, ¶ 33—where the Illinois Appellate Court held that a one-year limitations period applies only to claims under §§ 15(c) and (d)—Plaintiff's § 15(c) claim is subject to dismissal. Plaintiff filed his Complaint on January 27, 2022, but he does not allege that his "facial geometry or his biometric data" was collected after January 27, 2021. Accordingly, Plaintiff's 15(c) allegations must be dismissed. Alternatively, Omnitracs renews its request that the Court defer its decision on this Renewed Motion to Dismiss until the Illinois Supreme Court resolves the *Tims* appeal and decides the pertinent statute of limitations with finality.

### D. Plaintiff Fails To Plausibly Allege A § 15(d) Claim

As discussed in Omnitracs' opening brief, Plaintiff's § 15(d) "disclosure" claim also fails because the Complaint does not demonstrate compliance with the applicable one-year limitations period. *See Tims*, 2021 IL App (1st) 200563, ¶ 33. Moreover, Plaintiff's claim that Omnitracs disclosed his data without consent is wholly conclusory and unsupported by any factual allegations relative to the disclosure, including the identity of who allegedly received Plaintiff's data. Again, this fails to meet the pleading standards of *Twombly* and *Iqbal*. *See, e.g.*, *Heard*, 440 F. Supp. 3d at 969 (dismissing Section 15(d) claim because "[plaintiff] offers no basis for the allegation that [defendant] disclosed his biometric data"). Accordingly, Plaintiff's 15(d) allegations must also be dismissed. Alternatively, Omnitracs renews its request that the Court defer its decision on this Renewed Motion to Dismiss until the Illinois Supreme Court resolves the *Tims* appeal and decides the pertinent statute of limitations with finality.

## **CONCLUSION**

Omnitracs' Renewed Motion to Dismiss, as supported by the parties' robust discovery on personal jurisdiction, demonstrates that Omnitracs is not properly subject to specific personal jurisdiction in Illinois. The Renewed Motion to Dismiss also amply establishes that Plaintiff's BIPA claims violate Illinois's extraterritoriality doctrine. Accordingly, dismissal under Rule 12(b)(2) is necessary and appropriate. Additionally, as Plaintiff fails to plausibly state a claim under any subsection of the BIPA, dismissal under Rule 12(b)(6) is also warranted. Accordingly, Defendant Omnitracs respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, and that the Court grant such other and further relief as it deems just and proper.

Dated: January 18, 2023 　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　O'HAGAN MEYER, LLC

　　　　　　　　　　　　　　　By:　　/s/ Matthew E. Szwajkowski
　　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　　OMNITRACS, LLC

Jamie L. Filipovic
Matthew E. Szwajkowski
O'Hagan Meyer, LLC
One East Wacker, Suite 3400
Chicago, IL 60601
(312) 422-6100
(312) 422-6110
jfilipovic@ohaganmeyer.com
mszwajkowski@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 18th day of January, 2023, the foregoing **DEFENDANT'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO RULES 12(b)(2) AND 12(b)(6)** was filed electronically with the Clerk of Court using the Court's CM/ECF system, which delivered electronic notification of such filing to the following counsel of record:

David Fish
Mara Baltabols
Fish Potter Bolanos, P.C.
200 East 5th Avenue
Suite 123
Naperville, IL 60563

Douglas Werman
Werman Salas P.C.
77 W. Washington St.
Suite 1402
Chicago, IL 60602
*Attorneys for Plaintiff*

                                                              *s/ Matthew E. Szwajkowski*
                                                                Matthew E. Szwajkowski